**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiff, individually
and on behalf of all other persons similarly
situated

| | |
|---|---|
| VICTOR MANUEL MERCADO,<br><br>　　　　Plaintiff,<br><br>　　　- vs. -<br><br><br>JS RESTAURANT CORP. d/b/a LA CARIDAD, JOSE SANTOS, DARIO SANTOS and DAISY SANTOS,<br><br>　　　　Defendants. | DOCKET NO. _____<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

　　　Plaintiff Victor Manuel Mercado by and through his undersigned attorneys, for his complaint against Defendants JS Restaurant Corp. d/b/a La Caridad, Jose Santos, Dario Santos and Daisy Santos, alleges as follows, on behalf of himself and all other persons similarly situated:

### NATURE OF THE ACTION

　　　1.　Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), that he is entitled to unpaid wages

from Defendants for work for which he did not receive proper overtime premium pay as required by law.

2. Plaintiff further complains that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations; (iii) spread-of-hours compensation for each shift worked exceeding ten hours in length; (iv) compensation for Defendants' violation of the Wage Theft Prevention Act; and (v) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3. Mr. Victor Manuel Mercado is an adult individual residing in Bronx, New York.

4. Upon information and belief, Defendant JS Restaurant Corp. d/b/a La Caridad is a New York corporation that at all relevant times owned and operated a restaurant named La Caridad at 135 West Kingsbridge Road, Bronx, NY 10468.

5. Defendant JS Restaurant Corp. has a principal executive office at 362 Knickerbocker Avenue, Brooklyn, New York, 11237.

6. At all relevant times, Defendant JS Restaurant Corp. d/b/a La Caridad has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, Defendant JS Restaurant Corp. d/b/a La Caridad has had gross revenues exceeding $500,000.00.

8. Upon information and belief, at all relevant times herein, Defendant JS Restaurant Corp. d/b/a La Caridad has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

9. Upon information and belief, at all relevant times, Defendant JS Restaurant Corp. d/b/a La Caridad constituted an "enterprise" as defined in the FLSA.

10. Upon information and belief, Defendant Dario Santos is the owner or part owner and principal of La Caridad; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

11. Dario Santos is involved in the day-to-day operations of La Caridad and plays an active role in managing the business.

12. Upon information and belief, Defendant Daisy Santos is the owner or part owner and principal of La Caridad restaurant; she has the power to hire and fire employees, set wages and schedules, and maintain their records.

13. Daisy Santos is involved in the day-to-day operations of La Caridad restaurant and plays an active role in managing the business.

14. Upon information and belief, Defendant Jose Santos is the owner or part owner and principal of JS Restaurant Corp.; he has the power to hire and fire employees at La Caridad Restaurant, set wages and schedules, and maintain their records.

15. Jose Santos is involved in the day-to-day operations of JS Restaurant Corp. and plays an active role in managing the business, including La Caridad restaurant.

16. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants' business is located in this district.

**COLLECTIVE ACTION ALLEGATIONS**

19. Pursuant to 29 U.S.C. § 206 and § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since November 7, 2019, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members".

20. The Collective Action Members are similarly situated to Plaintiff in that they were employed by defendants as non-exempt employees and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

21. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

5

22. Plaintiff and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by defendants.

23. The exact number of such individuals is presently unknown, but is known by the defendants and can be ascertained through appropriate discovery.

## FACTS

24. At all relevant times herein, Defendants owned and operated a restaurant called La Caridad located at 135 West Kingsbridge Road, Bronx, New York.

25. Mr. Mercado was employed by Defendants from approximately July 2013 until July 22, 2021 as a delivery man, dishwasher and stocker, with his duties including unloading merchandise from trucks and food preparation.

26. Mr. Mercado's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

27. At all relevant times herein, Mr. Mercado was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

28. Throughout his employment with Defendants, Mr. Mercado's regular schedule was five days per week, with Monday and Tuesday off.

29. Mr. Mercado worked from 4:00 P.M. to 12:00 A.M. on Wednesdays, Thursdays and Fridays. On Saturdays, Mr. Mercado worked from 4:00 P.M. to 1:00 A.M, and on Sundays he worked from 1:00 P.M. to 11:00 P.M.

30. Once per week Mr. Mercado worked an additional day to cover another absent employee's shift, for eight hours.

31. Two to three times per week Mr. Mercado was instructed by Defendants to start his shift early, at approximately 12 p.m.

32. Consequently, Mr. Mercado worked between 59 and 63 hours per week during each week of his employment with Defendants.

33. During April, May and June 2020 the restaurant was closed due to the pandemic, and Mr. Mercado did not work there during that period.

34. Mr. Mercado was paid in cash, $230-$240 per week, plus tips of approximately $55-60 per week.

35. For the weeks he worked an extra shift to cover another employee's absence, Mr. Mercado was paid $300.

36. During his employment by Defendants, Mr. Mercado was not paid wages at least equivalent to applicable minimum

7

wage required by the FLSA and the New York Labor Law and supporting regulations.

37. Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

38. Defendants' failure to pay Plaintiff wages at least equal to applicable minimum wage, and failure to pay Plaintiff the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

39. Defendants failed to pay Plaintiff an additional hour at minimum wage (the "spread of hours" premium) for each shift he worked exceeding ten hours in length.

40. Defendants' failure to pay Plaintiff the spread of hours premium was willful and lacked a good faith basis.

41. Defendants failed to provide Plaintiff with properly compliant paystubs under the New York Labor Law.

42. Defendants failed to provide Plaintiff with a wage acknowledgment notice, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

**COUNT I: Fair Labor Standards Act - Overtime**

43. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by

reference the foregoing allegations as if set forth fully and again herein.

44. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

45. Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

46. Because of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for work performed exceeding forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

48. Due to Defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action.

**COUNT II: New York Labor Law – Minimum Wage**

49. Plaintiff realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

50. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

51. Defendants willfully violated the rights of the Plaintiff by failing to pay him compensation at the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

52. Defendants' failure to pay compensation at the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

53. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT III: New York Labor Law - Overtime**

54. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

56. Defendants willfully violated Plaintiff's rights by failing to pay them overtime compensation at rates at least one-and-one-half times their regular rate of pay for each hour worked that exceeded forty hours per workweek, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

57. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

58. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV: New York Labor Law – Spread of Hours**

59. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

60. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

61. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

62. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

63. Due to Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT V: New York Labor Law – Wage Theft Prevention Act**

64. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

65. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

67. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

68. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

69. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50

13

per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

> a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;
>
> b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;
>
> c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;
>
> d. Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;
>
> e. Compensatory damages for faiure to pay the spread of hours premium pursuant to the New York Labor Law;

f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for Defendants' New York Labor Law violations;

h. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and post judgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further, and different relief as this Court deems just and proper.

Dated: June 7, 2023

                                                    */s/ Michael Samuel*
                                               Michael Samuel (MS 7997)
                                               THE SAMUEL LAW FIRM
                                                         1441 Broadway
                                                            Suite 6085
                                          New York, New York 10018
                                                    (212) 563-9884
                                                *Attorneys for Plaintiff*

Case 1:23-cv-04814-JW    Document 1    Filed 06/07/23    Page 16 of 16