UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VICTOR MANUEL MERCADO,

                      Plaintiff,

   -against-


JS RESTAURANT CORP. d/b/a LA CARIDAD,
JOSE SANTOS, DARIO SANTOS, and
DAISY SANTOS,

                     Defendants.
-----------------------------------------------------------------X

Index No. 1:23-cv-04814 (GHW)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS

**KIDONAKIS & CORONA, PLLC**
Zachary A. Westenhoefer, Esq.
1350 Ave. of the Americas, 2nd Fl.
New York, NY 10019
P: (646) 389-3956
F: (646) 585-1391
*Attorneys for Defendants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... 3

PRELIMINARY STATEMENT ............................................................................................ 4

STATEMENT OF FACTS ..................................................................................................... 4

ARGUMENT ........................................................................................................................... 5

    I.    Defendants Issued Wage Notices in Accordance with the Law. ...................................... 5

    II.    Defendants Paid a Regular Wage Rate in Accordance with the Law. ............................. 6

    III.    Defendants Paid an Overtime Wage Rate in Accordance with the Law. ....................... 7

    IV.    Defendants Paid Spread-of-Hours Compensation in Accordance with the Law. ........... 7

    V.    Defendants Issued Wage Statements in Accordance with the Law. ................................ 8

CONCLUSION ........................................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

Hristova v. 3321 Astoria, 2018 U.S. Dist. LEXIS 237069, at *11 (E.D.N.Y.) .............................. 5

Reich v. Chez Robert, Inc., 28 F.3d 401, 404 (3d Cir. 1994) ......................................................... 5

**Statutes**

12 N.Y.C.R.R. § 146-1.4 ................................................................................................................ 7

29 U.S.C. § 207(a)(1) ..................................................................................................................... 7

29 USCS § 206 ............................................................................................................................... 6

N.Y. Lab. L. § 198(1-d) ................................................................................................................. 8

N.Y. Lab. L. §195(1)(b) ................................................................................................................. 5

NY CLS Labor § 652(1)(a) ............................................................................................................ 6

**Regulations**

12 N.Y.C.R.R. § 146-1.6 ................................................................................................................ 7

12 N.Y.C.R.R. § 146-2.2(a) ........................................................................................................... 5

## PRELIMINARY STATEMENT

This is a proceeding initiated by Plaintiff alleging Defendants' violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff claims that 1) Defendants compensated him at a wage rate lower than that permitted by statute; 2) Defendants did not pay overtime work at the overtime rate required by law; 3) Defendants did not pay the spread-of-hours compensation for shifts exceeding ten hours in length; and that 4) Defendants did not provide wage notice and wage statements pursuant to the Wage Theft Prevention Act. Defendants deny these allegations.

## STATEMENT OF FACTS

Plaintiff worked at the restaurant operated in the Bronx, New York by Defendant JS Restaurant Corp.

The records of Plaintiff's employment show that he was provided wage notices at the start and through the course of his employment and that they were signed by Plaintiff. The wage notices indicate the hourly rate and that the employer, JS Restaurant Corp., would take a tip credit, as Plaintiff worked in a tipped position.

The records of Plaintiff's employment show that he seldom worked more than forty (40) hours in a week, and in the few times that he did, he was paid at the overtime rate of time-and-a-half for overtime hours.

The records of Plaintiff's employment show that he never worked more than ten (10) hours in any given shift, and was therefore never entitled to spread-of-hours compensation under NYLL.

The records show that Plaintiff's regular rate of pay in 2017 was $9.15 per hour; in 2018 was $10.85 per hour; and in 2019, 2020, and 2021 was $12.50 per hour. The tip credits taken by the employer, JS Restaurant Corp., brought the employee's pay rate to the New York City

minimum wage in force for each applicable year, and Plaintiff's effective pay rate after taking account of tips he recorded, was regularly more than $20.00 per hour, and never fell below the New York City minimum wage.

## ARGUMENT

I.  **Defendants Issued Wage Notices in Accordance with the Law.**

A.  New York Labor Law requires that notice of a tip credit be made in writing and must include the "employee's regular hourly pay rate, overtime hourly pay rate, the amount of the tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday." 12 N.Y.C.R.R. § 146-2.2(a). "The commissioner shall prepare templates that comply with the requirements of paragraph (a) of this subdivision … All such templates shall be made available to employers in such manner as determined by the commissioner;" N.Y. Lab. L. §195(1)(b). The FLSA requires that an employer taking the tip credit is "required: (1) to provide notice to employees of the provisions of section 203(m)..." Hristova v. 3321 Astoria, 2018 U.S. Dist. LEXIS 237069, at *11 (E.D.N.Y.). "If the employer cannot show that it has informed employees that tips are being credited against their wages, then no tip credit can be taken and the employer is liable for the full minimum-wage[.]" Reich v. Chez Robert, Inc., 28 F.3d 401, 404 (3d Cir. 1994).

B.  In the present case, Defendants obtained and used the template form LS-54S promulgated by the New York State Department of Labor. The LS-54S is designed specifically to ensure that employers supply to their employees the correct information in a wage notice in both English and Spanish to be in compliance with N.Y.C.R.R. 12 § 146-2.2(a). Records show that Defendants provided an LS-54S to the Plaintiff at the time of his hiring on June 10, 2017, and again when his pay rate changed on both September 7, 2018 and on December 31, 2018. *See* Defense Exhibits

JS002 – JS004. Each of these completed forms LS-54S clearly indicate the Plaintiff's pay rate, overtime pay rate, the tip credit, and the payday. In addition, each of these forms LS-54S were signed and dated by Plaintiff. The correct use of the form LS-54S promulgated by the New York Department of Labor simultaneously satisfies the federal requirement that, if an employer intends for tips to be credited against an employee's wages, then the employer must show that it has informed the employee. Therefore, Defendants issued wage notices to Plaintiff in accordance with the law.

## II.    Defendants Paid a Regular Wage Rate in Accordance with the Law.

A.    According to New York State law, the minimum wage in New York City in 2017 was $11.00 per hour; in 2018 was $13.00 per hour; and in 2019, 2020, and 2021 was $15.00 per hour. NY CLS Labor § 652(1)(a). These hourly rates exceed the minimum wage set by the federal government through these same years. *See* 29 USCS § 206.

B.    The form LS-54S used by Defendants to notify Plaintiff of his hourly wage in 2017 indicates an hourly wage of $9.75 per hour and a tip credit of $2.40 per hour, which total $12.15 per hour, which is $1.15 greater than the minimum wage required under New York law. *See* Defense Exhibit JS002. The form LS-54S used by Defendants to notify Plaintiff of his hourly wage in 2018 indicates an hourly wage of $10.85 per hour and a tip credit of $2.15 per hour, which total $13.00 per hour, which is equal to the minimum wage required under New York law. *See* Defense Exhibit JS003. The form LS-54S used by Defendants to notify Plaintiff of his hourly wage for 2019, and which applies to his subsequent years of employment, indicate an hourly wage of $12.50 per hour and a tip credit of $2.50 per hour, which total $15.00 per hour, which is equal to the minimum wage required under New York law. *See* Defense Exhibit JS004. Paystubs and tip diaries regularly signed by Plaintiff through the years of his employment show an effective hourly pay

rate (the pay rate actually paid by the employer plus the tips earned by the employee) of no less than $14.96 per hour in 2017, which is $3.96 greater than the applicable minimum wage; no less than $14.84 per hour in 2018, which is $1.84 greater than the applicable minimum wage; and no less than $19.58 per hour in 2019, $20.26 per hour in 2020, and $21.39 per hour in 2021, each of which is several dollars greater than the applicable minimum wage of $15.00 for those three years. *See* Defense Exhibits JS156 – JS407. Therefore, Defendants paid Plaintiff a regular wage rate in accordance with the law.

### III. Defendants Paid an Overtime Wage Rate in Accordance with the Law.

A.    Employees are entitled to one and a half times the regular rate of pay for every hour worked in excess of forty hours each week. 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 146-1.4.

B.    Records accumulated by Defendants over the years of Plaintiff's employment indicate that Plaintiff seldom worked overtime hours. For those times that he did work overtime hours, records show that Plaintiff was paid at the rate of one and a half times the regular rate of pay. *See* Defense Exhibits JS005 – JS407.Therefore, Defendants paid Plaintiff an overtime wage rate in accordance with the law.

### IV. Defendants Paid Spread-of-Hours Compensation in Accordance with the Law.

A.    New York state law requires that employers pay "one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage," for any workday exceeding ten hours, measured from start to finish. 12 N.Y.C.R.R. § 146-1.6.

B.    Records accumulated by Defendants over the years of Plaintiff's employment indicate that Plaintiff never worked more than ten hours in a single day. *See* Defense Exhibits JS005 – JS407. Therefore Plaintiff was never entitled to receive the "spread-of-hours" pay under New York law.

V.     **Defendants Issued Wage Statements in Accordance with the Law.**

A.     An employer who fails to provide a wage statement pursuant to New York Labor Law 195(3) is liable for "damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." N.Y. Lab. L. § 198(1-d).

B.     Records accumulated by Defendants over the years of Plaintiff's employment indicate that Defendant regularly issued weekly wage statements to Plaintiff that were signed by Plaintiff. These wage statements detailed the compensation from the employer and the tips reported by Plaintiff for each week, among other information. *See* Defense Exhibits JS156 – JS407. Therefore, Defendants issued wage statements to Plaintiff in accordance with the law.

## CONCLUSION

With these points of law, and the evidence to be presented in trial, Defendants respectfully ask this Court to reject each of Plaintiff's claims for relief, as none are warranted.

Dated: New York, New York
       July 5, 2024

                                        Respectfully Submitted,

                                        KIDONAKIS & CORONA, PLLC

                              By:       */s/ Zachary A. Westenhoefer*
                                        Zachary A. Westenhoefer, Esq.
                                        *Attorneys for Defendants*
                                        1350 Ave. of the Americas, 2nd Fl.
                                        New York, NY 10019
                                        zack.w@kandcpllc.com
                                        P: (646) 389-3956
                                        F: (646) 585-1391

## CERTIFICATE OF SERVICE BY MAIL

I, Zachary Westenhoefer, attorney with Kidonakis & Corona, PLLC, attorneys for the Defendants in this matter, served a true copy of the Memorandum of Law in Support of Defendants and all supporting documents via email addressed to counsel for Plaintiff.

Dated: New York, New York
July 5, 2024

/s/ Zachary Westenhoefer
Zachary A. Westenhoefer, Esq.